# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEARNING RESOURCES, INC. and HAND2MIND, INC.,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity; KRISTI NOEM, Secretary of the Department of Homeland Security, in her official capacity; U.S. DEPARTMENT OF HOMELAND SECURITY; SCOTT BESSENT, Secretary of the Treasury, in his official capacity; U.S. DEPARTMENT OF TREASURY; HOWARD LUTNICK, Secretary of Commerce, in his official capacity; UNITED STATES DEPARTMENT OF COMMERCE; PETE R. FLORES, Acting Commissioner of Customs & Border Protection, in his official capacity; U.S. CUSTOMS & BORDER PROTECTION; JAMIESON GREER, U.S. Trade Representative, in his official capacity; and THE OFFICE OF THE U.S. TRADE REPRESENTATIVE,<br><br>        *Defendants*. | Civ. Action No. 25-cv-01248-RC |

## PLAINTIFFS' PARTIALLY OPPOSED MOTION TO
## SET BRIEFING AND HEARING SCHEDULE

This lawsuit challenges Defendants' unlawful actions in imposing tariffs under the International Emergency Economic Powers Act ("IEEPA") on most of the United States's trading partners. Those actions are not only unprecedented, but are irreparably harming Plaintiffs Learning Resources, Inc. and hand2mind, Inc.—American family-owned businesses that develop educational products for schools and families. Accordingly, Plaintiffs seek a preliminary injunction that would enjoin the agency Defendants and their agents, employees, and all persons

1

acting under their direction and control, from taking any action to collect tariffs from Plaintiffs under the challenged orders.

The parties have conferred about an appropriate schedule for further proceedings, including in light of applicable local rules, and have agreed on the schedule proposed below—subject to the caveats discussed herein.

### A.    Briefing and Argument Schedule

The parties have agreed on the following proposed briefing and argument schedule with respect to Plaintiffs' Motion for Preliminary Injunction (ECF No. 9) and Defendants' Motion to Transfer (ECF No. 8):

| PROPOSED DATE | FILING |
|---|---|
| May 1, 2025 | Defendants' Response to Preliminary Injunction Motion |
| May 7, 2025 | Plaintiffs' Reply in support of its Preliminary Injunction Motion and Plaintiffs' Response to Transfer Motion |
| May 12, 2025 | Defendants' Reply in support of its Transfer Motion |
| May 15 or 16, 2025 | Hearing |

### B.    Order of Decision

The parties disagree, however, over whether the Court should consider the Preliminary Injunction Motion and Transfer Motion together (Plaintiffs' position), or resolve the Transfer Motion first (Defendants' position).

***Plaintiffs' position***.  The Court should address both the Preliminary Injunction Motion and the Transfer Motion at the hearing, as the two motions largely rise and fall together.  Plaintiffs' principal argument in support of its request for a preliminary injunction is that the statute on which tariffs were imposed, IEEPA, "does not authorize the President to impose tariffs."  Preliminary

2

Injunction Mot. 17; *see* Complaint (ECF No. 1) ("[T]his civil action . . . does not arise from a law authorizing the imposition of tariffs within the meaning of 28 U.S.C. § 1581(i)(1)(B)."). But Defendants seek to transfer this matter to the Court of International Trade on the opposite basis: that IEEPA *does* provide for tariffs. *See* Transfer Mot. 8-9 (seeking transfer on the ground that the Court of International Trade has exclusive jurisdiction over, *inter alia*, a civil action that "arises out of any law of the United States *providing for . . . tariffs*, duties, fees or other taxes on the importation of merchandise for reasons other than the raising of revenue") (quoting 28 U.S.C. § 1581(i)(1)(B)) (emphasis added)).

In short, a decision holding that Plaintiffs are likely to succeed on the merits of their principal claim—that IEEPA does *not* "provid[e] for . . . tariffs"—would also require denying Defendants' Transfer Motion. Given that the two motions involve obviously overlapping and potentially dispositive issues, both logic and judicial economy strongly favor addressing both motions at the same hearing. That is particularly true because the Preliminary Injunction Motion will be fully briefed five days before the Transfer Motion, and because Plaintiffs have already asked that their preliminary injunction motion be heard within 21 days under Local Rule 65.1(d)—"*i.e.*, by Thursday, May 15, 2025." Transfer Mot. 1.

**Defendants' position**. Defendants state their position as follows: "Because Defendants' motion to transfer goes to the Court's jurisdiction, Defendants respectfully request that the Court resolve that motion first, and consider the Preliminary Injunction Motion only if the Court denies the transfer request." *See also Webber v. Dep't of Homeland Sec*., No. 4:25-cv-26 (D. Mont. Apr. 25, 2025), ECF No. 40 (transferring similar case to the Court of International Trade and vacating preliminary injunction hearing).

\* \* \* \* \*

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the above briefing and argument schedule.

Dated: April 28, 2025

Respectfully submitted,

*/s/ Pratik A. Shah*
Pratik A. Shah
  D.C. Bar No. 497108
James E. Tysse
  D.C. Bar No. 978722
Matthew R. Nicely
  D.C. Bar No. 430564
Daniel M. Witkowski (*admission pending*)
  D.C. Bar No. 1028791
Kristen E. Loveland
  D.C. Bar No. 1684978
AKIN GUMP STRAUSS HAUER
  & FELD LLP
2001 K Street N.W.
Washington, D.C. 20006
Tel: (202) 887-4000
pshah@akingump.com

*Counsel for Plaintiffs*

4