IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEARNING RESOURCES, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-01248-RC |
| ) | |
| DONALD J. TRUMP, President of the United ) | |
| States, in his official capacity, et al., ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully notify the Court of the attached decision of the U.S. District Court for the Northern District of Florida in *Emily Ley Paper, Inc. v. Trump*, No. 3:25-cv-464, ECF No. 37 (N.D. Fla. May 20, 2025).  The court held that a civil action challenging the President's imposition of tariffs under IEEPA fell within the exclusive jurisdiction of the Court of International Trade and ordered transfer under 28 U.S.C. § 1631.

Like plaintiffs here, the plaintiffs in *Emily Ley Paper* argued that IEEPA is not a "law . . . providing for . . . tariffs" within the meaning of 28 U.S.C. § 1581(i).  The court rejected that argument, concluding "that the authority to 'regulate imports' includes the authority to impose tariffs or duties on imports as a means of regulation."  *Id*. at 12 (citing *United States v. Yoshida Int'l, Inc.*, 526 F.2d 560, 575 (C.C.P.A. 1975)).  Further, the court held that Congress provided "'clear authorization' under the modern major questions doctrine." *Id*.  Thus, the court held that "IEEPA authorizes the imposition of tariffs," *id*. at 15, and transferred the case to the Court of International Trade, which has exclusive jurisdiction under 28 U.S.C. § 1581. *Id*. at 18.

Additionally, the plaintiffs in *Emily Ley Paper* had requested that the court stay any transfer to seek immediate review by the Eleventh Circuit.  *Id*. at 18 n.19.  The court declined to

do so and explained that the plaintiffs could "raise the jurisdictional issue in the CIT" as well as "on appeal in the Federal Circuit." *Id.*; *see also id.* at 7 n.9 (noting that the Federal Circuit's "opinions pertaining to §1581 and trade-related issues are particularly persuasive"). Although plaintiffs in this case request dismissal rather than transfer if the Court concludes it lacks jurisdiction so that they may seek immediate review by the D.C. Circuit, it is equally true here that the Court of International Trade and Federal Circuit can (and should) address the jurisdictional issue.

| | |
|---|---|
| DATED: May 22, 2025 | Respectfully submitted, |
| OF COUNSEL: | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
| ALEXANDER K. HAAS<br>Director | ERIC J. HAMILTON<br>Deputy Assistant Attorney General |
| STEPHEN M. ELLIOTT<br>Assistant Director<br>U.S. Department of Justice<br>Civil Division<br>Federal Programs Branch | PATRICIA M. McCARTHY<br>Director<br><br>/s/ Claudia Burke<br>CLAUDIA BURKE<br>Deputy Director |
| SOSUN BAE<br>Senior Trial Counsel<br>LUKE MATHERS<br>BLAKE W. COWMAN<br>COLLIN T. MATHIAS<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch | /s/ Justin R. Miller<br>JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office<br><br>/s/ Catherine M. Yang<br>CATHERINE M. YANG<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>PO Box 480, Ben Franklin Station<br>Washington, DC 20044<br>(202) 514-4336<br>catherine.m.yang@usdoj.gov<br>*Attorneys for Defendants* |

2