# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LEARNING RESOURCES, INC., *et al.*,

        *Plaintiffs*,

        v.

DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*,

        *Defendants*.

Civ. Action No. 25-cv-01248-RC

### RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

On May 22, 2025, Defendants filed a Notice of Supplemental Authority regarding the decision of a district court judge in the Northern District of Florida to transfer to the Court of International Trade ("CIT") a case challenging the authority to impose tariffs under IEEPA. *See* Dkt. No. 26.

Although it came to the wrong conclusion, the Northern District of Florida at least asked and answered the right question. In light of a federal court's unflagging obligation to hear cases within its jurisdiction, as well as the statutory requirements of 28 U.S.C. § 1631, the district court did not cede the jurisdictional question to the CIT; it appropriately decided the issue for itself. *See* Dkt. No. 26-1, at 6; *see also Gather Workspaces LLC v. Gathering Spot, LLC*, No. 19-cv-2669 (RC), 2020 WL 6118439, at *10 (D.D.C. Oct. 16, 2020) (one of "three *required* elements to a 28 U.S.C. § 1631 transfer" is "a lack of jurisdiction in the district court" (emphasis added)). Nor did the district court balk at the fact that the jurisdictional and merits questions overlap. Instead, the district court determined that, pursuant to § 28 U.S.C. §1581(i)(1), the "dispositive question" was whether IEEPA is a statute that provides for tariffs. Dkt. No. 26-1, at 8. Relying heavily on single,

50-year-old, out-of-circuit decision analyzing a different statute, *id.* at 9-10, the district court concluded that IEEPA does provide for tariffs. That conclusion is wrong for the reasons explained in Plaintiffs' briefing before this Court. *See* Dkt. Nos. 9, 17, 18.

Defendants tout the fact that the district court there declined to stay its transfer order. Dkt. No. 26, at 1-2. In the event this Court were to conclude it lacked jurisdiction, however, it should follow the typical course and dismiss this case, not transfer it to CIT. *See* Dkt. No. 18, at 11. Unlike in the Florida case, where plaintiffs sought only a stay of any transfer order, Plaintiffs here oppose transfer in favor of dismissal. That weighs heavily—if not dispositively—against transfer under Section § 1631's "interest of justice" analysis. *See Emery v. Bioport Corp.*, No. 06-cv-0008-AAM, 2006 WL 3147399, at *5 & n.4 (E.D. Wash. Oct. 31, 2006) (dismissing rather than transferring case because "there is no purpose in forcing the Plaintiff to litigate its claim in another court"); *see also Janvey v. Proskauer Rose, LLP*, 59 F. Supp. 3d 1, 7 (D.D.C. 2014) (factors relevant to § 1631's "interest of justice" inquiry include whether plaintiff is pro se, would suffer significant hardship due to cost or timeliness, or misinterpreted a complex jurisdictional provision). In addition, transfer threatens to place Plaintiffs in a Catch-22. If the CIT (or the Federal Circuit reviewing a CIT decision) concludes that IEEPA does *not* provide for tariffs, the court would have to dismiss for lack of jurisdiction and thereby lose the power to order relief against Defendants. Dismissing rather than transferring will preserve Plaintiffs' eligibility for meaningful final relief.[1]

---

[1] At a minimum, if this Court were inclined to transfer, it should stay its transfer order and, pursuant to 28 U.S.C. § 1292(b), certify the jurisdictional question to the D.C. Circuit. Any transfer order would involve a controlling question of law with respect to jurisdiction on which there is substantial ground for disagreement, and an immediate appeal would materially advance this case by allowing the D.C. Circuit to determine its own district courts' jurisdiction in this and other IEEPA cases.

Dated: May 22, 2025

Respectfully submitted,

/s/ *Pratik A. Shah*
Pratik A. Shah
  D.C. Bar No. 497108
James E. Tysse
  D.C. Bar No. 978722
Matthew R. Nicely
   D.C. Bar No. 430564
Daniel M. Witkowski (*admission pending*)
  D.C. Bar No. 1028791
Kristen E. Loveland
  D.C. Bar No. 1684978
AKIN GUMP STRAUSS HAUER
  & FELD LLP
2001 K Street N.W.
Washington, D.C. 20006
Tel: (202) 887-4000
pshah@akingump.com

*Counsel for Plaintiffs*