## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LEARNING RESOURCES, INC., *et al.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*,<br><br>    *Defendants*. | Civ. Action No. 25-cv-01248-RC |

### RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

On May 23, 2025, Defendants filed a Notice of Supplemental Authority regarding a new decision of the Court of International Trade exercising jurisdiction (for the first time in its history) over a challenge to tariffs imposed under IEEPA. *See* Dkt. No. 31 (discussing *Barnes v. United States*, No. 25-cv-00043 (Ct. Int'l Trade May 23, 2025)).

The *Barnes* decision—holding that a *pro se* "private citizen" lacked standing to bring his challenge to "the constitutionality of [IEEPA] tariffs," Op. 1—does not aid Defendants. At the threshold, as in the three other IEEPA tariff challenges filed in the CIT, no party contested jurisdiction. *See* Op. 5 ("Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1581(i), which Defendant does not dispute.").

Although *Barnes* acknowledged that the plaintiff's challenge arose out of IEEPA, it offered zero independent analysis of whether IEEPA in fact "provides for" tariffs (as the plain text of 28 U.S.C. § 1581(i) requires). Instead, *Barnes* summarily relied on a prior CIT decision exercising jurisdiction over a challenge to duties previously imposed under TWEA (following *Yoshida*), without recognizing that jurisdiction there rested on § 1581(*a*), not § 1581(*i*) (as relevant here).

Op. 7-8 (citing *Alcan Sales, Div. of Alcan Aluminum Corp. v. United States*, 528 F. Supp. 1159, 1161-1165 (Ct. Int'l Trade 1981) ("[P]laintiff has acknowledged that it does not take issue with the decision of our appellate court in the case of *United States v. Yoshida International*[.]"), *aff'd*, 693 F.2d 1089 (Fed. Cir. 1982)); *see also* Dkt. No. 18, at 5 & n.3.

*Barnes* is a perfect example of why this Court must perform an independent analysis of its own jurisdiction and actually determine whether IEEPA "provid[es] for" tariffs.  28 U.S.C. § 1581(i).  Indeed, that was the path this Court and the D.C. Circuit charted in *K Mart Corp.*, with the Supreme Court then affirming this Court's exercise of jurisdiction and rejecting the CIT's and Federal Circuit's contrary holdings.  *See K Mart Corp. v. Cartier, Inc.*, 485 U.S. 176, 182 (1988) ("We granted certiorari to resolve conflicts among the Courts of Appeals [including between the D.C. Circuit and Federal Circuit] on . . . the jurisdictional issue" and "now affirm . . . that the District Court had jurisdiction[.]" (citation omitted)).  This Court must likewise exercise its independent duty to ensure that jurisdiction is determined based on the text of section 1581(i) and IEEPA, not a 50-year-old CCPA decision.

Dated: May 24, 2025

Respectfully submitted,

/s/ Pratik A. Shah
Pratik A. Shah
   D.C. Bar No. 497108
James E. Tysse
   D.C. Bar No. 978722
Matthew R. Nicely
   D.C. Bar No. 430564
Daniel M. Witkowski (*admission pending*)
   D.C. Bar No. 1028791
Kristen E. Loveland
   D.C. Bar No. 1684978
AKIN GUMP STRAUSS HAUER
   & FELD LLP
2001 K Street N.W.
Washington, D.C. 20006
Tel: (202) 887-4000
pshah@akingump.com

*Counsel for Plaintiffs*